IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ALEXANDER G FEDOROV, § | |
| Plaintiff, § | |
| V. § | A-23-CV-1059-DII |
| § | |
| PORTFOLIO RECOVERY § | |
| ASSOCIATES, LLC, § | |
| Defendant. § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Before the court are Defendant Portfolio Recovery Associates, LLC's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 28), Plaintiff Alexander Fedorov's Motion for Evidentiary Hearing on Rule 12(d) Motion to Convert Defendant's Motion to Dismiss into a Motion for Summary Judgment and to Reconsider Relief From Stay, in Order to Commence Discovery (Dkt. 33), and all related briefing.[1] Having considered the pleadings, the relevant case law, and the entire case file, the undersigned submits the following Report and Recommendation to the District Judge.

I. BACKGROUND

Portfolio Recovery Associates, LLC ("PRA") purchases debt from credit card issuers and similar entities, including "bad debt," which includes accounts barred by the statute of limitations and accounts lacking essential account documentation. Dkt. 26 (FAC)[2] ¶¶ 6-8, 21. In March 2019,

---

[1] The motion to dismiss was referred by United States District Judge Robert Pitman to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.  *See* Text Order dated April 29, 2024.

[2] In responding to PRA's motion, Fedorov attempts to rely on his original Complaint because PRA mentioned that Complaint in its motion. Once an amended complaint is filed, the original complaint is dead. Fedorov's reliance or reference to it will be disregarded.

1

PRA purchased debt from Comenity Capital Bank/Lenovo and reported that debt of $5,337.00 to the major credit reporting agencies. *Id*. ¶ 36. On February 28, 2020, PRA sued Alexander G. Fedorov in state court to collect on the debt. *Id*. ¶¶ 2, 39. During and after that litigation, Fedorov demanded verification of PRA's ownership of the debt, but PRA did not produce any evidence of the debt. *Id*. ¶ 3. On March 15, 2023, PRA's suit was dismissed without prejudice because PRA failed to respond to discovery, comply with court orders, or otherwise provide verification of the debt. *Id*. ¶ 34, 40-42. Fedorov asserts the suit was "entirely deceptive, false and malicious." *Id*. ¶ 4. After the state suit was dismissed, PRA continued to report the debt on Fedorov's credit reports. *Id*. ¶ 43. Additionally, PRA placed three more unverified collection accounts on Fedorov's credit reports. *Id*. ¶ 44.

Represented by counsel, Fedorov now brings this suit "as [an] action for damages resulting from that frivolous lawsuit and debt collection under the parameters of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq. (the 'FDCPA') and an action for damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the 'FCRA')." *Id*. ¶ 5. PRA moved to dismiss Fedorov's claims under Rule 12(b)(6). Dkt. 28. Fedorov responded, characterizing the motion to dismiss as a "'no evidence' Motion for Summary Judgment," seeking to present evidence to support his claims, and moving to convert the motion to dismiss to a motion for summary judgment. Dkt. 31. Alternatively, he asserts his Amended Complaint already contains sufficient factual matter to state a claim for relief that is plausible on its face. *Id*. at 3. Separately, Fedorov filed a motion for an evidentiary hearing on his motion to convert PRA's motion to a motion for summary judgment. Dkt. 33. In that hearing, Fedorov would present himself to testify and call PRA's attorneys that brought the state court suit against him as witnesses. PRA opposes

the motion. Dkt. 34. The parties have also filed reply briefs in support of their respective motions. Dkt. 32, 35.

## II.   MOTION TO CONVERT TO SUMMARY JUDGMENT AND MOTION FOR HEARING

PRA presented a relatively straightforward motion that Fedorov had failed to adequately plead his claims. PRA did not rely on any evidence outside the pleadings. As discussed below, there is some confusion as to the exact nature of Fedorov's claims. Because of this uncertainty as to what claims are actually asserted, it does not make sense to convert the motion into a summary judgment motion. Before a case can be decided on the merits, the claims asserted must be understood by both sides and the court. Because neither PRA nor the court fully understands Fedorov's claims, it is premature to address their merits. Accordingly, the court denies Fedorov's request to convert PRA's Rule 12(b)(6) motion into a Rule 56 motion and denies Fedorov's motion for a hearing.

## III.   RULE 12(b)(6) STANDARD OF REVIEW

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court has made

clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must 'accept as true all of the allegations contained in a complaint,' that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

**IV.     ANALYSIS**

        **A.  Fair Credit Reporting Act, 15 U.S.C. § 1681,** *et seq.*

PRA first argues Fedorov did not actually state a claim for any violation of the FCRA. The court agrees. In the Factual Allegations section, the First Amended Complaint includes a subheading titled "Portfolio began and continued false reporting before and after filing its lawsuit in violation of the FCRA." FAC at p. 7. The facts that follow describe that PRA sent the outstanding counts to credit reporting agencies and did not respond to Fedorov's requests to verify the debts. In the Cause of Action section, Fedorov does not include the FCRA claim at all. FAC § V. Thus, nowhere in the First Amended Complaint does Fedorov specifically identify which FCRA provision(s) PRA violated.

In his response, Fedorov argues PRA violated 15 U.S.C. § 1681s-2(a) by knowingly reporting inaccurate and erroneous information to credit reporting agencies. To support his assertion, Fedorov cites to paragraphs 36-38 of his First Amended Complaint, but those paragraphs describe that PRA reported the debts to credit reporting agencies. Those paragraphs do not identify the specific statutory section asserted.

Fedorov failed to allege in his First Amended Complaint which section of the FCRA PRA violated. Fedorov cannot cure his deficient pleading by asserting new allegations in his responsive brief. Accordingly, his First Amended Complaint failed to state a plausible claim for relief.[3]

### B. Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

There are three threshold requirements for recovery under the FDCPA: (1) the plaintiff must be a "consumer"; (2) the defendant must be a "debt collector"; and (3) the defendant must have committed some act or omission in violation of the FDCPA. *Willis v. Portfolio Recovery Assocs., LLC*, No. 6:17-CV-00119-ADA, 2019 WL 2565243, at *1 (W.D. Tex. Mar. 8, 2019), aff'd sub nom. *Willis v. Portfolio Recovery Assocs., L.L.C.*, 803 F. App'x 761 (5th Cir. 2020). The FDCPA only applies to debts from transactions "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *see Willis*, 2019 WL 2565243, at *1-2 (addressing whether the credit card debt at issue was for personal or commercial purposes).

PRA argues Fedorov's FDCPA claim should be dismissed for two reasons: he failed to allege consumer standing and he failed to allege any violative conduct to support an FDCPA claim.

---

[3] In its reply brief, PRA also argues that Fedorov has failed to plead facts that would support this claim. For the first time, PRA also argues that neither of Fedorov's basis for his claim—that PRA's state claim was dismissed and that PRA failed to respond to his validation letter—is sufficient to support the claim. However, PRA's motion only asserted that these bases are insufficient to support an FDCPA claim; PRA's motion did not make this argument as to the FCRA claim. Because these arguments were not raised in PRA's motion, Fedorov has not had an opportunity to respond to them, and the court will not address them here.

PRA argues Fedorov failed to plead facts that support he is a consumer under the FDCPA. PRA argues his conclusory statement that "Plaintiff is a 'consumer' as defined by 15 U.S.C. § 1692a(3)," FAC ¶¶ 19, 49, is insufficient to establish the consumer status of his debt. Fedorov's arguments do not rely on what he pleaded in his First Amended Complaint. He asserts he is a consumer because PRA's business model is the collection of "consumer" debt. Additionally, he asserts that PRA reported his debts to credit reporting agencies, "thereby contributing to a record known as a 'consumer report.'" Dkt. 31 at 9. Finally, Fedorov argues he is precluded from establishing his status as a consumer because he "has no acknowledgement or record" of the account PRA claims is outstanding. *Id*. at 10. Nevertheless, he attaches an affidavit in which he states he has never used a credit card for business purposes and has only used credit for goods and services for personal, family, or household purposes. Thus, although Fedorov did not plead facts to support his standing as a consumer, he appears capable of doing so.

PRA also argues that Fedorov has failed to identify conduct by PRA that supports an FDCPA claim under 15 U.S.C. § 1692e(2), (4), or (5). Section 1692e(4) prohibits a debt collector from representing or implying that nonpayment of a debt will result in "the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages." 15 U.S.C. § 1692e(4). PRA argues neither its report of an unverified debt or initiation of a collection lawsuit violate this subsection. The court agrees that Fedorov did not plead any facts that suggest PRA threatened him arrest, imprisonment, seizure, garnishment, attachment, or sale of property or wages.

Section 1692e(2) prohibits a debt collector from making false representations of the character, amount, or legal status of a debt. Section 1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken. PRA

6

argues neither its report of an unverified debt or initiation of a collection lawsuit violate these subsections. However, Fedorov alleges PRA violated these sections not by simply bringing a collection suit against him, but by bringing a baseless collection suit against him for debts that it is not entitled to collect. Although Fedorov failed to adequately plead the debts at issue are consumer debts, it appears he may have a viable claim if it were pleaded correctly.

### C. Malicious Prosecution of a Fraudulent Civil Claim

Fedorov also asserts a state-law malicious prosecution claim. To prevail in a civil malicious prosecution case in Texas, Plaintiff needs to establish: (1) the institution or continuation of civil proceedings against the plaintiff; (2) by or at the insistence of the defendant; (3) malice in the commencement of the proceeding; (4) lack of probable cause for the proceeding; (5) termination of the proceeding in plaintiff's favor; and (6) special damages. *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996). PRA argues that Federov's allegations regarding elements 2-6 are conclusory and he has not pleaded any special damages.

A plaintiff must suffer a special injury before recovering for malicious prosecution of a civil case. *Green*, 921 S.W.2d at 208–09. It is insufficient that a party has suffered the ordinary losses incident to defending a civil suit, such as inconvenience, embarrassment, discovery costs, and attorney's fees. *Id*. The mere *filing* of a lawsuit cannot satisfy the special injury requirement. *Id*. "There must be some physical interference with a party's person or property in the form of an arrest, attachment, injunction, or sequestration." *Id*. In response to PRA's motion, Fedorov points to his allegation that he "suffered special damages as a result of Defendant's continued maliciously false reporting of its claims even after the case in Travis County J.P. Precinct 2 was dismissed." FAC ¶ 71. However, his assertion that these are "special damages" is a legal conclusion entitled

to no weight. Additionally, these alleged damages arise from PRA's reporting the debts to a credit service, *not* from the litigation. Fedorov has failed to plead special damages that support this claim.

### D. Texas Deceptive Trade Practices Act

Fedorov does not assert a DTPA claim in his First Amended Complaint, but he purports to "notice here that some or all of his claims, as stated above, may constitute actionable violations of the Texas Deceptive Trade Practices Act, and he thus reserves the right to amend this case within 60 days to include claims under the Texas Deceptive Trade Practices Act." FAC ¶ 73. PRA argues this is improper. PRA also argues Fedorov cannot assert a claim under the DTPA because the debt at issue is credit card debt and extension of credit or borrowing money do not constitute goods or services under the DPTA. Fedorov responds that he has not asserted a DTPA claim but through discovery he will likely show consumer standing for DTPA violations. Fedorov contends that "[a]t this point in time, the argument is merely moot and should be addressed if and when Plaintiff makes the appropriate request to make such an amendment." The court agrees. Fedorov has not asserted a DTPA claim and is not seeking leave to assert such a claim now. This issue is not ripe.

### E. Leave to Amend

Alternatively, Fedorov seeks another opportunity to cure his deficiencies by amending his First Amended Complaint. The court notes that Fedorov has already repleaded his claims after PRA's first motion to dismiss was fully briefed. Dkts. 5, 10, 12.

Rule 15 governs motions to amend made before trial and provides that "[t]he court should freely give leave when justice so requires." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (quoting FED. R. CIV. P. 15(a)(2)). "Rule 15(a) 'evinces a bias in favor of granting leave to amend.'" *Id.* (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002)). A movant is required to give the court some notice of the nature of his or her

proposed amendments. *Id*. ("it is clear that some specificity is required"). Even when proper notice is given, permissible reasons for denying a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id*. at 591 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Courts use the Rule 12(b)(6) standard to evaluate futility, and courts deny leave as futile when "the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint." *Id*. at 591-92; *Jamieson By & Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).

Here, in defending against the motion to dismiss, Fedorov relies on facts he did not plead. Accordingly, the undersigned recommends that Fedorov be allowed to replead his FCRA and FDCPA claims. Fedorov has failed to demonstrate that he could adequately plead special damages to support a malicious prosecution claim. Accordingly, the undersigned recommends that leave be denied to replead this claim and that it dismissed with prejudice.

## V.  ORDER AND RECOMMENDATION

The court **DENIES** Motion for Evidentiary Hearing on Rule 12(d) Motion to Convert Defendant's Motion to Dismiss into a Motion for Summary Judgment and to Reconsider Relief From Stay, in Order to Commence Discovery (Dkt. 33).

The undersigned **RECOMMENDS** that the District Judge **GRANT in part** Defendant Portfolio Recovery Associates, LLC's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 28). Specifically, the undersigned recommends Fedorov's FCRA and FDCPA claims be dismissed without prejudice and he be allowed to replead those claims. Additionally, the undersigned recommends Fedorov's malicious prosecution claim be dismissed with prejudice.

## VI.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED October 1, 2024.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE